UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MICHAEL JOHN MODENA,

        Plaintiff,                Case No. 1:10-cv-911

v.                                         Honorable Janet T. Neff

UNITED STATES OF AMERICA et al.,

        Defendants.
_____/

**OPINION**

        This is a civil rights action brought by a federal prisoner. The Court has granted Plaintiff leave to proceed *in forma pauperis* and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed because Defendants are immune and Plaintiff fails to state a claim.

**Factual Allegations**

Plaintiff, a federal prisoner, presently is incarcerated at the Federal Correctional Institution in Talladega, Alabama. In his *pro se* complaint, he sues the United States of America and the Federal Bureau of Prisons. Plaintiff also sues U.S. Attorney Donald Davis, Assistant U.S. Attorney Hagen W. Frank and Probation Officer Richard Griffis in their official and personal capacities.

In his complaint, Plaintiff complains about the scoring of his presentence investigation report (PSIR) and his placement in a Federal Correctional Institution in Alabama. As for the PSIR, Plaintiff states that his PSIR wrongly included a vacated charge (Count II), and, thus, adversely affected his sentence and custody and security classifications. Apparently, the order vacating the charge against Plaintiff was entered on February 24, 2010. Plaintiff, however, never received a revised PSIR before his sentencing on March 16, 2010. Plaintiff states that his PSIR was affected as follows (verbatim):

> At page (7)_of the revised P.S.I. **Count II** is included and bumped the **base offense level up to (14)**. AT page (7) para. [32] 'five' guns were totalled in violation of obejction(s) of the def. at sentencing. AT page (7) of the P.S. I.. para. [35] (2) points is added for 'almost striking a police vehicle' which is in direct opposition of Officer Schuitema's report 01/30/200[9].
>
> At page (8) of the PSI (revised), Id., (1) point is scored for the domestic case (again). At page (9) of the same PSI, Id., (2) points is scored for the UCC filing(s), wherein the 'plea' was withdrawn, and that is on the sentencing transcript also; (ref) 56th circuit court plea withdrawn in writing, notarized as well, before sentencing there, 03/12/200[9].

(Compl., Page ID#5, docket #1) (emphasis in original). Plaintiff argues that Probation Officer Griffis and U.S. Attorney Frank should have corrected his PSIR because they were present at his sentencing. Further, Plaintiff alleges that the errors in the PSIR affected the BOP's security points

calculation so that he was transferred to a medium security prison in Alabama. (*Id.* at Page ID##2, 3, 8.) Plaintiff previously had been incarcerated at Milan Federal Correctional Institution, a low security facility. (*Id.* at Page ID#3.) Plaintiff claims that he wrote several correctional employees regarding the PSIR error to no avail. As to why his PSIR has not been changed, Plaintiff states that a unit manager told him that he "must have teed[] someone off." (Compl, Page ID#5, docket #1.)

With respect to his placement in a Federal Correctional Institution in Alabama, Plaintiff alleges that the prison is too far away from his home in Michigan. Plaintiff claims that he should have never been transferred away from the Federal Correctional Institution in Milan, Michigan. In the alternative, Plaintiff argues that he should have been allowed to attend a federal camp. Since his incarceration in Alabama, Plaintiff states that his son has been kidnapped, his dad has battled cancer and he has been denied visitation with his children.

Plaintiff lists the following eight counts in his complaint. In Count I, Plaintiff argues that Defendants negligently failed to prepare a revised PSIR to reflect the vacated charge. In Count II, Plaintiff alleges that Defendants are retaliating against him by keeping Plaintiff incarcerated far from home to cover up the delay in the administrative process. In Count III, Plaintiff claims the Defendants violated his due process rights by failing to update his PSIR. In Count IV, Plaintiff states that the probation staff has covered up Probation Officer Richard Griffis' refusal to issue a revised PSIR before Plaintiff was transferred within the Federal Correctional System. In Count V, Plaintiff claims that Defendants have failed to correct PSIR errors despite the fact that BOP manuals require the correction to be made. In Count VI, Plaintiff argues that the government has abused its power, and, thus, has lost immunity because it appears "'that U.S. Attorney's, etc are 'appointed' to protect the [bond-profit system]." (Compl., Page ID #13, docket #1.) In Count VII, Plaintiff

argues that he has endured mental anguish from Probation Officer Richard Griffis' failure to correct his PSIR. Finally, in Count VIII, Plaintiff claims that he cannot sleep because he cannot correct the PSIR.

For relief, Plaintiff requests "every possible fine, sanction, [i]ndictment, punishment, penalty, the law permits upon conviction via a jury trial, or otherwise must be assessed against each of the defendant(s), for the damage(s) done to this Plaintiff." (Compl., Page ID #15, docket #1.)

## Discussion

I. <u>Immunity</u>

A. **United States of America and Federal Bureau of Prisons**

Plaintiff sues the United States of America and the Federal Bureau of Prisons in his complaint. As a sovereign power, the United States may be sued only to the extent that it has consented to suit by Statute. *United States Dep't. of Energy v. Ohio*, 503 U.S. 607, 615 (1992); *United States v. Mitchell*, 445 U.S. 535, 538 (1980). "Sovereign immunity is a jurisdictional doctrine, and the terms of the United States' 'consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *see also United States v. Mottaz*, 476 U.S. 834, 841 (1986) ("When the United States consents to be sued, the terms of its waiver of sovereign immunity define the extent of the court's jurisdiction.") (citing *United States v. Sherwood*, 312 U.S. 584, 586 (1941)).

Waivers of sovereign immunity must be strictly construed in favor of the sovereign, and may not be enlarged beyond what the language of the waiver requires. *United States v. Nordic Village, Inc.*, 503 U.S. 30, 34 (1992); *see also Bowen v. City of New York*, 476 U.S. 467 (1986); *Block v. North Dakota*, 461 U.S. 273, 287 (1983). Thus, the doctrine of sovereign immunity holds

that the United States, and its agencies and instrumentalities–including the Federal Bureau of Prisons ("BOP")–are immune from suit, unless a waiver of such immunity has been "expressed unequivocally" by Congress. *United States v. Dalm*, 494 U.S. 596, 608 (1990); *Mitchell*, 445 U.S. at 538.

Congress has not waived the sovereign immunity of the United States Government, or its agencies, for claims that their employees have violated the Constitution. *See Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 410 (1971). Thus, sovereign immunity bars Plaintiff's claims against the United States and the Federal Bureau of Prisons.

B. **Probation Officer**

Plaintiff sues Defendant Probation Officer Richard Griffis for monetary damages related to the errors in Plaintiff's PSIR. Probation Officer Griffis, however, is entitled to quasi-judicial immunity. Generally, a judge is absolutely immune from a suit for monetary damages. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) ("it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself"); *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Absolute judicial immunity is extended to non-judicial officers who perform "quasi-judicial" duties. Quasi-judicial immunity should be granted to state officials when (1) their positions are akin to that of judges; (2) the potential for vexatious lawsuits is great; and (3) enough safeguards exist to protect the complainant's constitutional rights. *Purisch v. Tenn. Tech. Univ.*, 76 F.3d 1414, 1421 (6th Cir. 1996); *see also Bush v. Rauch*, 38 F.3d 842 (6th Cir. 1994) (functional approach to quasi-judicial immunity). Federal courts repeatedly have held that probation

and parole officers who prepare presentence reports are closely associated with the exercise of a judicial function and, thus, are entitled to absolute immunity. *See Loggins v. Franklin County*, No. 05-4135, 2007 WL 627861, at *8 (6th Cir. Mar. 1, 2007); *Ray v. Pickett,* 734 F.2d 370, 373 (8th Cir. 1984); *Hughes v. Chesser,* 731 F.2d 1489, 1490 (11th Cir. 1984); *Spaulding v. Nielsen,* 599 F.2d 728, 729 (5th Cir. 1979); *Burkes v. Callion,* 433 F.2d 318, 319 (9th Cir. 1970). Accordingly, Defendant Griffis is absolutely immune from Plaintiff's claim for monetary damages arising from the errors in Plaintiff's PSIR.

### C. United States Attorneys

United States Attorney Donald Davis and Assistant United States Attorney Hagen W. Frank are entitled to immunity for Plaintiff's claims of errors in his PSIR. The Supreme Court embraces a functional approach to determining whether a prosecutor is entitled to absolute immunity. *Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Burns v. Reed*, 500 U.S. 478, 486 (1991); *Forrester v. White*, 484 U.S. 219, 229 (1988); *accord Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010); *Lomaz v. Hennosy*, 151 F.3d 493, 497 (6th Cir. 1998). Under a functional analysis, a prosecutor is absolutely immune when performing the traditional functions of an advocate. *Kalina*, 522 U.S. at 130; *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2003); *Grant v. Hollenbach*, 870 F.2d 1135, 1137 (6th Cir. 1989). The Supreme Court has held that a prosecutor is absolutely immune for the initiation and pursuit of a criminal prosecution. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Lomaz*, 151 F.3d at 497. Acts which occur in the course of the prosecutor's role as advocate are entitled to protection of absolute immunity in contrast to investigatory or administrative functions that are normally performed by a detective or police officer. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 276-78 (1993); *Grant*, 870 F.2d at 1137. In the Sixth Circuit, the focus of the inquiry

is how closely related the prosecutor's conduct is to his role as an advocate intimately associated with the judicial phase of the criminal process. *Spurlock*, 330 F.3d at 797; *Ireland v. Tunis*, 113 F.3d 1435, 1443 (6th Cir. 1997). Obviously, examining and objecting to the PSIR, if necessary, is part of the prosecutor's role as an advocate. Accordingly, U.S. Attorney Donald Davis and Assistant U.S. Attorney Hagen W. Frank are entitled to absolute immunity.

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the

*Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(I)).

A. ***Heck v. Humphrey***

Plaintiff asserts a negligence claim and a due process claim against Defendants for the errors in his PSIR. Defendants' refusal to correct his PSIR resulted in Plaintiff receiving a more severe sentence and affected his custody and security classifications. A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus under 28 U.S.C. § 2254 or § 2255[1] and is not the proper subject of a civil rights action brought pursuant to 42 U.S.C. § 1983 or *Bivens*, 403 U.S. 388.[2] *See Preiser v. Rodriguez,* 411 U.S. 475, 484, 493 (1973).

To the extent Plaintiff seeks injunctive and monetary relief for alleged violations of Constitutional rights, his claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck,* the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87. The Supreme Court's holding in *Heck* applies with equal force to a civil rights action brought pursuant to *Bivens*. *See Robinson v. Jones*, 142 F.3d 905, 906-07 (6th

---

[1]Because he is a federal prisoner, in order to challenge his conviction Plaintiff must seek federal habeas relief by filing a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255.

[2]In *Bivens*, 403 U.S. at 397, the Supreme Court found an implied right of action for damages based on civil rights deprivations by federal officers, which parallels a claim against state officers under 42 U.S.C. § 1983. *See Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006) (noting parallel nature of remedies).

Cir. 1998). Plaintiff's allegations clearly call into question the duration of his confinement. Therefore, his action is barred under *Heck* until his sentence has been invalidated.

A court's dismissal of a claim on the basis that it is barred by *Heck* is properly considered a dismissal under 28 U.S.C. § 1915(g) because it fails to state a claim on which relief can be granted. *See Morris v. Cason,* No. 02-2460, 2004 WL 1326066, at *1 (6th Cir. June 10, 2004) (a claim barred by *Heck* is properly dismissed for failure to state a claim); *Murray v. Evert,* No. 03-1411, 2003 WL 22976618, at *2 (6th Cir. Dec. 8, 2003) (same); *Harris v. Truesdell,* No. 03-1440, 2003 WL 22435646, at *2-3 (6th Cir. Oct. 23, 2003) (*Heck*-barred claim fails to state a claim and is frivolous).[3]

B. **First Amendment**

Plaintiff complains that Defendants retaliated against him by transferring him to a Federal Correctional Institution in Alabama to cover up the PSIR errors in violation of his First Amendment rights. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, Plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the

---

[3]Plaintiff also fails to state a claim to the extent he alleges that the PSIR affected his prison placement and security classification within the Federal Bureau of Prison. The Supreme Court has repeatedly held that a prisoner has no constitutional right to be incarcerated in a particular facility or to be held in a specific security classification. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Meachum v. Fano*, 427 U.S. 215, 244 (1976).

defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Plaintiff has not alleged that he engaged in any protected conduct in his complaint. *See Thaddeus-X*, 175 F.3d at 394. Plaintiff merely states that a unit manager told him that he "must have teed[] someone off," which does not constitute conduct protected by First Amendment. (Compl, Page ID #5, docket #1.) Accordingly, Plaintiff fails to state a claim for retaliation.

C. **Eighth Amendment**

Plaintiff claims that he has endured mental anguish and sleep deprivation, in part, due to Probation Officer Griffis' failure to correct his PSIR and being incarcerated far from home. Plaintiff provides the following explanation regarding his mental anguish and lack of sleep (verbatim):

> **Mental Anguish**. [A]s the Plaintiff has made a very thorough record of (BP-148) filing(S), and as nothing has happened, to alleviate, his suffering, by transfer to home area/transfer to a state nearer to home/ counseling directed by Staff, etc.; the neglect is contagious. The mental anguish increased as further neglect to 'right-the-wrong' occurred, and occurs.
>
> * * *
>
> **Sleep Deprivation**. The Plaintiff cannot sleep well knowing that his children are daily in jeopardy; living with an unfit mother, who almost burned her father's house down . . . . ON top of that, the multiple act(s) of willful negligence, inter alia, to correct the record; and not rule on the Petition for Injunction; sending the Plaintiff to the 'Gulf of Mexico' where he is in an environment he <u>cannot</u> adapt to; in the 'Old South' where he never grew up, <u>abandonment</u> of the inmate's issues by the defendant's has produced deprivation of sleep . . . .

(Compl., Page ID#14, docket #1) (emphasis in original).

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene

society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to inmate health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)).

Plaintiff claims that he has suffered from mental anguish and sleep deprivation, in part, due to the errors in his PSIR and his incarceration in a facility far from his home state. According to Plaintiff, the PSIR is used to calculate "security points" at the Bureau of Prisons. (Compl., Page ID#2, 8, docket #1.) The Bureau of Prisons security points calculation then helps to determine where to house a prisoner. Plaintiff previously had been incarcerated at Milan Federal Correctional Institution, a low security facility. (*Id.* at Page ID#3); *see also*

http://www.bop.gov/locations/institutions/index.jsp. Plaintiff currently is housed at a medium security facility in Alabama. As previously noted, the Supreme Court repeatedly has held that a prisoner has no constitutional right to be incarcerated in a particular facility or to be held in a specific security classification. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Meachum v. Fano*, 427 U.S. 215, 244 (1976). Plaintiff's sleep deprivation, viewed objectively, therefore does not amount to sufficiently serious risk to Plaintiff's health within the meaning of the Eighth Amendment. Moreover, the PLRA requires a prior showing of a physical injury before a prisoner may bring an action for emotional or mental damages. 42 U.S.C. § 1997e(e); *see also Hardin-Bey v. Rutter*, 524 F.3d 789, 795-96 (6th Cir. 2008). Because Plaintiff has not alleged a sufficient physical injury, he cannot bring an action for mental anguish. As a consequence, he fails to state an Eighth Amendment claim.

                D.     **Due Process**

Plaintiff claims that Defendants have failed to correct the errors in his PSIR despite the fact that the Federal Bureau of Prisons' manuals require the corrections to be made. Plaintiff essentially claims that he has a liberty interest in the Federal Bureau of Prisons' manuals. "Without a protected liberty or property interest, there can be no federal procedural due process claim." *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 519 (6th Cir. 2007) (citing *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 579 (1972)). Liberty interests may arise from the constitution itself, statutes, judicial decrees or regulations. *See Wolff v. McDonnell*, 418 U.S. 539 (1974). In order to claim a valid liberty interest, however, a legitimate claim of entitlement to a benefit must exist, not a mere unilateral expectation. *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 7 (1979); *Perry v. Sindermann*, 408 U.S. 593, 601 (1972). The Court is not aware of any liberty interest in

the Federal Bureau of Prisons' manuals arising from the constitution, statutes, judicial decrees or regulations. Therefore, Plaintiff fails to state a due process claim for Defendants' failure to correct his PSIR in accordance with the Federal Bureau of Prison's manuals.

### E. **Conspiracy**

Plaintiff alleges that the probation staff has covered up Defendant Griffis' refusal to issue a revised PSIR. For a conspiracy claim, a plaintiff must plead with particularity, as vague and conclusory allegations unsupported by material facts are insufficient. *Twombly*, 550 U.S. at 565 (recognizing that allegations of conspiracy must be supported by allegations of fact that support a "plausible suggestion of conspiracy," not merely a "possible" one); *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008); *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003); *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987); *Smith v. Rose*, 760 F.2d 102, 106 (6th Cir. 1985); *Pukyrys v. Olson*, No. 95-1778, 1996 WL 636140, at *1 (6th Cir. Oct. 30, 1996). A plaintiff's allegations must show (1) the existence or execution of the claimed conspiracy, (2) overt acts relating to the promotion of the conspiracy, (3) a link between the alleged conspirators, and (4) an agreement by the conspirators to commit an act depriving plaintiff of a federal right. *Lepley v. Dresser*, 681 F.Supp. 418, 422 (W.D. Mich. 1988). "[V]ague allegations of a wide-ranging conspiracy are wholly conclusory and are, therefore, insufficient to state a claim." *Hartsfield v. Mayer*, No. 95-1411, 1996 WL 43541, at *3 (6th Cir. Feb. 1, 1996). A simple allegation that defendants conspired to cover up wrongful actions is too conclusory and too speculative to state a claim of conspiracy. *Birrell v. State of Mich.*, No. 94-2456, 1995 WL 355662, at *2 (6th Cir. June 13, 1995).

Plaintiff's allegations of conspiracy are conclusory and speculative. Plaintiff has provided no allegations establishing a link between the alleged conspirators or any agreement between them. Therefore, he fails to state a claim for conspiracy.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed because Defendants are immune and Plaintiff fails to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock,* 549 U.S. 199, 206, 211-12 (2007). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: July 7, 2011          /s/ Janet T. Neff
                             Janet T. Neff
                             United States District Judge